UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MADONNA J. HOLLAND,                    )
     *Plaintiff*,                              )
                                             )
*vs.*                                           )     1:13-cv-1485-JMS-DML
                                             )
WAL-MART STORES, INC.,                 )
     *Defendant.*                              )

## ORDER

Presently pending before the Court is Plaintiff Madonna J. Holland's Motion for Leave to File Amended Complaint.  [Dkt. 8.]  The Court **GRANTS** the motion to the extent that the Court will allow Ms. Holland to amend her complaint, but **DENIES** the motion to the extent that Ms. Holland's proposed amended complaint is insufficient to plead diversity jurisdiction.  Ms. Holland's proposed amended complaint does not plead any basis for this Court's subject matter jurisdiction, and to the extent that some of her allegations could be construed as an attempt to allege diversity jurisdiction, they are wholly insufficient.  [Dkt. 8-1.]

First, Ms. Holland's proposed amended complaint alleges that she is a resident of Indiana.  [*Id.* at 1 ¶ 1.]  An allegation of residence is inadequate to plead diversity jurisdiction, *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998), because residency and citizenship are not the same, and it is citizenship that matters for purposes of diversity, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Second, Ms. Holland's proposed amended complaint alleges that Defendant Wal-Mart Stores East, LP ("Wal-Mart") is a limited liability corporation that operates in Indiana.  [*Id.* at 1 ¶ 2.]  This allegation says nothing about Wal-Mart's citizenship for purposes of diversity jurisdiction.  Ms. Holland is reminded that the citizenship of an unincorporated association is "the citi-

zenship of all the limited partners, as well as of the general partner" and "must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 542-43 (7th Cir. 2003).  Moreover, asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient.  *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").  Ms. Holland is further reminded that Wal-Mart provided detailed allegations regarding its structure in its Notice of Removal, [dkt. 1 at 1 ¶ 2], which she apparently agreed with all of two days ago, [dkt. 7].

Third, Ms. Holland's proposed amended complaint does not allege an amount in controversy, exclusive of interest and costs.  [Dkt. 8-1.]  The amount in controversy must exceed "$75,000, *exclusive of interest and costs*" for the Court to have diversity jurisdiction over the matter.  28 U.S.C. § 1332 (emphasis added).

The Court is not being hyper-technical:  Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

**For these reasons, the Court <u>GRANTS</u> Ms. Holland's Motion to Amend, [dkt. 8], to the extent that the Court will allow Ms. Holland to amend her complaint, but <u>DENIES</u> the motion to the extent that Ms. Holland seeks to file the proposed amended complaint that she attaches to her motion, [dkt. 8-1].  Ms. Holland has until <u>October 2, 2013</u> to file an amended complaint that properly pleads diversity jurisdiction as the basis for this Court's jurisdiction.**

09/25/2013

_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Counsel of Record